UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY FORTIER,<br><br>        Plaintiff,<br><br>        v.<br><br>MOVEMENT MORTGAGE, a foreign limited liability company, SERVICE MAC, a foreign limited liability company, QUALITY LOAN SERVICE CORPORATION, a Washington State Corporation,<br><br>        Defendants. | Case No. C24-835-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Timothy Fortier's Motion for Temporary Restraining Order ("TRO"), Dkt #2. Plaintiff moves for an order "to stop the deed of trust foreclosure sale scheduled for June 14, 2024 in San Juan County..." *Id*. at 1. This TRO was filed today with the Complaint. *See* Docket. No Defendant has appeared. The TRO does not include a certificate of service or seek issuance without notice. Instead, the TRO states:

> Plaintiff has sent notice of this complaint and motion to Robert McDonald attorney for QUALITY LOAN SERVICE CORPORATION at rmcdonald@qualityloan.com with telephone, 206-596-4862 and fax 206-257-3163. Its address is 108 1st Ave South, Suite 450, Seattle, WA 98104-2257. Quality loan is conducting the deed of trust sale on June 14, 2024.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

*Id*. at 2.  Plaintiff gives no indication he sent notice to the other Defendants in this case, including the current beneficiary of the Deed of Trust, Movement Mortgage, LLC.  *See* Dkt. #1-20 at 3.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."  LCR 65(b)(1).  "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion."  *Id.*  "The motion must also include contact information for the opposing party's counsel…"  *Id.*  The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO.  *See* LCR 65(b)(5).

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild Rockies v. Cottrell*,

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

632 F.3d 1127, 1131 (9th Cir. 2011).  However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest.  *Id*. at 1135.

As an initial matter, the Court finds that Plaintiff is seeking a TRO without notice to the adverse party, Movement Mortgage.  Plaintiff has failed to certify in writing any efforts made to give notice to Movement Mortgage or to explain why it should not be required.  The current Amended Notice of Trustee's Sale, setting the sale to occur in two days' time, was issued on April 24, over six weeks ago.  *See* Dkt. #1-20.  Plaintiff's attorney has been involved in this case since at least April 18 when he sent a letter to *all* Defendants.  *See* Dkt. #1-19.  The Court sees no clear reason to excuse this failure to provide notice.  On this basis alone the Motion is properly denied.

The Court will nevertheless review the substance of the Motion under the above standards.  Plaintiff's Motion is roughly one double-spaced page in length.  It does not discuss the likelihood of success on the merits.  There is no mention of the causes of action in the Complaint: recission of contract, FDCPA claim, RESPA violations, violation of deed of trust statute, loss mitigation, and Washington Consumer Protection Act.  *See* Dkt. #1.  There are no citations to law.  While the Court understands the facts as presented and Plaintiff's strong desire to avoid foreclosure, the facts alone do not explain how Defendants violated the law, and Plaintiff's attorney is required to connect the facts to the law.  The Court concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims.

Plaintiff has also failed to demonstrate irreparable harm.  The Motion's only statement on this point is that he "will lose his mother's house and the equity in it…" Dkt. #2 at 2.  The Complaint indicates that Plaintiff's mother has passed away and that Plaintiff is not living in

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

this house. *See* Dkt. #1. As the Court understands it, while it is true that Plaintiff may suffer damages from the foreclosure, those damages can be measured in dollars. Such can be awarded to Plaintiff at the end of this case if he prevails. There is no basis to find that the damages in the Complaint are irreparable, as required for the Court to grant a TRO—or a preliminary injunction, for that matter.

Given all of the above, the Court finds that it need not examine the other factors for a TRO and will deny this Motion. Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Timothy Fortier's Motion for Temporary Restraining Order, Dkt #2, is DENIED.

DATED this 12th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4